UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                Case No. 16-56552

DEBRA MICHELLE FLAKE,                                 Chapter 13

                Debtor.                        Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DENYING THE DEBTOR'S
MOTION TO REOPEN CASE**

      This Chapter 13 case is before the Court on the Debtor's motion filed on August 9, 2022, entitled "Motion to Reopen Debtor's Chapter 13 Case" (Docket # 96, the "Motion"). The Motion seeks to reopen this case to enable the Debtor to file a Financial Management Course Certificate ("Certificate"), and to file a certification regarding domestic support obligations, and then receive a discharge. ***The Motion was filed almost 3 years after this case was closed.*** The case was closed on September 11, 2019, without a discharge, due to the Debtor's failure to timely filed "the Local Form Certification Regarding Domestic Support Obligations" and due to the Debtor's failure to timely file the Certificate (Docket # 93 ("Final Decree").)

      For the following reasons, the Court will deny the Motion.

**A. Background**

      With the assistance of her attorney, the Debtor filed a voluntary petition for relief under Chapter 13 on December 11, 2016, commencing this case. On December 13, 2016, the Clerk issued a notice that the first meeting of creditors would be held on January 24, 2017 at 11:00 a.m. (Docket # 8, the "Notice"). On December 13, 2016, the Notice was served by the Bankruptcy Noticing Center by email on the Chapter 13 Trustee, the Debtor's attorney, some of the creditors, and on December 15, 2016, the Notice was served by the Bankruptcy Noticing Center by mail on

the remainder of the creditors, and directly on the Debtor at her address of record (Docket # 16).

Under Fed. R. Bankr. P. 1007(b)(7)(A),[1] 1007(c),[2] and 4004(c)(4),[3] and 11 U.S.C. § 1328(g)(1),[4] to obtain a discharge under 11 U.S.C. § 1328, the Debtor in this Chapter 13 case was required to file a Financial Management Course Certificate no later than the date when the last payment was made by the Debtor under her confirmed plan.

---

[1] Fed. R. Bankr. P. 1007(b)(7)(A) states the requirement for a debtor to file a Financial Management Course Certificate. It provides:

> (7) Unless an approved provider of an instructional course concerning personal financial management has notified the court that a debtor has completed the course after filing the petition:
>
>> (A) An individual debtor in a chapter 7 or Chapter 13 case shall file a statement of completion of the course, prepared as prescribed by the appropriate Official Form[.]

[2] Fed. R. Bankr. P. 1007(c) provides the deadline for filing the Financial Management Course Certificate. It states, in relevant part:

> In a chapter 7 case, the debtor shall file the statement required by subdivision (b)(7) within 60 days after the first date set for the meeting of creditors under § 341 of the Code, and **in a Chapter** 11 or **13 case no later than the date when the last payment was made by the debtor as required by the plan** or the filing of a motion for discharge under § 1141(d)(5)(B) or § 1328(b) of the Code**.**

(Emphasis added). The Debtor did not file a motion under § 1328(b), seeking a hardship discharge.

[3] Fed. R. Bankr. P. 4004(c)(4) states, in relevant part, that "[i]n . . . a Chapter 13 case, the court shall not grant a discharge if the debtor has not filed any statement required by Rule 1007(b)(7)."

[4] Section 1328(g)(1) provides, in relevant part, that:

> The court shall not grant a discharge under this section to a debtor unless after filing a petition the debtor has completed an instructional course concerning personal financial management described in section 111.

2

The Debtor's Chapter 13 plan was confirmed on August 10, 2018.[5] The confirmed plan provided for payments by the Debtor for 60 months, and a monthly payment of $2,068.95.[6] The Debtor completed all her required plan payments on March 18, 2019.[7] On May 15, 2019, the Chapter 13 Trustee filed a notice of the completion of all payments under the plan under Local Rule 2015-3(a).[8] Under E.D. Mich. LBR 4004-1, that meant that the deadline for the Debtor to file her Certification Regarding Domestic Support Obligations was June 12, 2019.[9] That also

---

[5] *See* Order Confirming Plan (Docket # 80).

[6] *See* Chapter 13 Plan (Docket # 39) at pp.1-2, §§ II(A) and II(B); p. 5, § III(I).

[7] *See* Chapter 13 Standing Trustee's Final Report and Account (Docket # 89) at 1, ¶ 5 ("The case was completed on 03/18/2018.").

[8] Docket # 86.

[9] E.D. Mich. LBR 4004-1 provides the deadline for filing a Certification Regarding Domestic Support Obligations:

> In a chapter 13 case, within 28 days after the trustee files a notice of the completion of all payments under the plan under Local Rule 2015-3(a), the debtor must file a completed form "Certification Regarding Domestic Support Obligations," available on the court's website. This certification must state whether the debtor has been the subject of any domestic support obligation and if so, whether the debtor is current in that obligation as required by § 1328(a) to obtain a discharge. The debtor must serve the certification on any domestic support obligation creditor and file a certificate of service. If the debtor fails to file this certification, the case may be closed without a discharge, without prejudice to the debtor's right to file a motion to reopen under Local Rule 5010-1 to file the certification in order to obtain a discharge.

Guideline 3 to LBR 4004-1 states: "The clerk will not issue a discharge in a chapter 13 case if the debtor has not filed a Debtor's Certification Regarding Domestic Support Obligations, as required by Local Rule 4004-1."

Section 1328(a) of the Bankruptcy Code contains the requirement that a debtor file a Certification Regarding Domestic Support Obligations in order to receive a discharge. It states:

> (a) Subject to subsection (d), as soon as practicable after completion by the debtor of all payments under the plan, and in the case of a debtor

3

meant that under Fed. R. Bankr. P. 1007(c), quoted in footnote 2, that the deadline for the Debtor to file her Financial Management Course Certificate was March 18, 2019.

The Debtor failed the file the Certification Regarding Domestic Support Obligations by the June 12, 2019 deadline, and to date, still has not filed it.

The Debtor also failed to file her Financial Management Course Certificates by the March 18, 2019 deadline, or at any time thereafter while the case remained open, or even as of now. The Debtor also failed to file a motion to extend the deadline to file the Financial Management Course Certificate.

On September 11, 2019, after the case had been fully administered, the case was closed without a discharge, due to the Debtor's failure to file "the Local Form Certification Regarding Domestic Support Obligations for discharge," and also due to the fact that the "Debtor[] has not filed a Financial Management Course Certificate proving compliance with the required instructional course requirement for discharge." (*See* Docket # 93.) Notice of the Final Decree entered that day (Docket # 93) was served on the Debtor's counsel by e-mail on September 11, 2019 through the Court's ECF system. And a notice that the Debtor's bankruptcy case had been closed without a discharge was served by the Bankruptcy Noticing Center by mail on September

---

> who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such debtor certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt . . . .

11 U.S.C. § 1328.

13, 2019 on all creditors not served by email, and on the Debtor. (Docket # 95). Such notice stated: "All creditors and parties in interest are notified that the above-captioned case has been closed without entry of discharge as Debtor(s) failed to comply with the Local Form Certification Regarding Domestic Support Obligations.") (*Id*.)

Almost three years later, on August 9, 2022, the Debtor filed the present Motion (Docket # 96).

**B. Discussion**

The Motion alleges that the reason the Debtor did not take the financial management course, and did not timely file the required Financial Management Course Certificate, and did not timely file the Certification Regarding Domestic Support Obligations, was because she was "working full time . . . [and] was also the primary caretaker of her elderly father who was sick at the time, [and] getting the necessary documents back to her counsel in a timely manner was not at the forefront of the Debtor's mind while caring for her father." (Mot. at ¶ 3.) The Court finds that these excuses alleged by the Debtor are not adequate or valid excuses, (1) for the Debtor's failure to timely complete the financial management course and file the required Financial Management Course Certificate by the March 18, 2019 deadline, three years and five months ago; or (2) for the Debtor's failure to timely file the Certification Regarding Domestic Support Obligations by the June 12, 2019 deadline, three years and two months ago; or (3) for the Debtor's delay of almost three years after this case was closed before she moved to reopen it.

Section 350(b) of the Bankruptcy Code, Federal Bankruptcy Rule 5010,[10] and Local

---

[10] Bankruptcy Rule 5010 states, in relevant part, that "[a] case may be reopened on motion of the debtor . . . pursuant to §350(b) of the Code." Fed. R. Bankr. P. 5010.

Bankruptcy Rule 5010-1[11] govern motions to reopen a case for the purpose of filing "either a Certification About Financial Management Course or a Certification Regarding Domestic Support Obligations." Bankruptcy Code Section 350(b) states that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Here, in essence, the Debtor seeks to reopen the case to move for an order granting the Debtor a retroactive extension of time of over three years to file a Financial Management Course Certificate, and to file the Certification Regarding Domestic Support Obligations, so the Debtor can obtain a discharge.

"It is well settled that decisions as to whether to reopen bankruptcy cases . . . are committed to the sound discretion of the bankruptcy judge . . . ." *Rosinski v. Rosinski* (*In re Rosinski*), 759 F.2d 539, 540-41 (6th Cir. 1985) (citations omitted). "To make the decision, courts may consider 'the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *1 (Bankr. N.D. Ohio August 22, 2016) (citation omitted). The Debtor has the burden of establishing that "cause" exists to reopen this case. *See id.* (citing *Rosinski*, 759 F.2d 539 (6th Cir. 1985)).

Bankruptcy Rule 9006(b)(3) states, in relevant part, that "the court may enlarge the time to file the statement required under Rule 1007(b)(7) [(the Financial Management Course Certificate)] . . . only to the extent and under the conditions stated in Rule 1007(c). Fed. R. Bankr. P. 9006(b)(3). Bankruptcy Rule 1007(c), in turn, permits a bankruptcy court "at any time and in its discretion, [to] enlarge the time to file the statement required by subdivision (b)(7) [of

---

[11] Local Bankruptcy Rule 5010-1(b) states, in relevant part that "[a]fter a case is closed, a debtor seeking to file either a Certification About Financial Management Course or a Certification Regarding Domestic Support Obligations must file a motion to reopen the case." LBR 5010-1(b) (E.D. Mich.).

Bankruptcy Rule 1007(c) [(namely, a Financial Management Course Certificate)]." Fed. R. Bankr. P. 1007(c). However, with an exception not applicable here, any such extension "may be granted only on motion **for cause shown** and on notice to the United States trustee, any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c) (emphasis added).

Several reported bankruptcy cases, including cases decided by the undersigned judge, have considered whether "cause" exists to grant a debtor's motion to reopen a case to file a Financial Management Course Certificate after the debtor's case was closed without a discharge. Such cases apply a four-part test, and have denied the motion where the Debtor had not completed a post-petition financial management course and filed the motion to reopen and a Financial Management Course Certificate within a relatively short time after the case was closed. The four factors that these cases have considered are: "(1) whether there is a reasonable explanation for the failure to comply; (2) whether the request was timely; (3) whether fault lies with counsel; and (4) whether creditors are prejudiced." *See*, *e.g.*, *In re Barrett,* 569 B.R. 687, 690-92 (Bankr. E.D. Mich. 2017) (applying the 4-part test and denying a debtor's motion to reopen to file a Financial Management Course Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and Financial Management Course Certificate until more than 8 years after the case was closed); *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *2-3 (Bankr. N.D. Ohio Aug. 22, 2016) (denying a debtor's motion to reopen to file a Financial Management Course Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and Financial Management Course Certificate until more than 7 years after the

7

case was closed); *In re McGuiness*, No. 08-10746, 2015 WL 6395655, at *2, 4 (Bankr. D.R.I. Oct. 22, 2015) (more than 7 year delay); *In re Johnson*, 500 B.R. 594, 597 (Bankr. D. Minn. 2013) (more than 4 year delay); *cf. In re Heinbuch*, No. 06-60670, 2016 WL 1417913, *3-4 (Bankr. N.D. Ohio April 7, 2016) (approximately 7 year delay).

This Court has denied motions to reopen in numerous cases, where the delay ranged from 10 months to more than 11 and a half years. *See In re Keller*, 638 B.R. 582 (Bankr. E.D. Mich. 2022) (delay of more than 21 months); *In re Page*, 637 B.R. 1 (delay of more than 19 month); *In re Williams*, 636 B.R. 484 (Bankr. E.D. Mich. 2022) (delay of more than 20 months); *In re Lewis*, 635 B.R. 157 (delay of more than 2 years); *In re Motley,* 635 B.R. 150 (Bankr. E.D. Mich. 2022) (delay of almost 3 years); *In re Brown*, No. 19-47989, 2022 WL 24056 (Bankr. E.D. Mich. January 3, 2022) (delay of 15 months); *In re Rivera*, 628 B.R. 309 (Bankr. E.D. Mich. 2021) (delay of 2 years and 9 months)*; In re Szymanski,* 625 B.R. 875 (Bankr. E.D. Mich. 2021) (delay of more than 18 months); *In re Hendricks*, 625 B.R. 694 (Bankr. E.D. Mich. 2021) (delay of more than 14 months); *In re Smith,* 625 B.R. 41 (Bankr. E.D. Mich. 2021) (delay of almost 17 months); *In re Lemon*, 625 B.R. 47 (Bankruptcy E.D. Mich. 2021) (delay of 15 months); *In re Aziz*, 622 B.R. 694 (Bankr. E.D. Mich. 2020) (delay of four years and eight months); *In re Smith*, 620 B.R. 888 (Bankr. E.D. Mich. 2020)(delay of two and a half years); *In re Suell*, 619 B.R. 642 (Bankr. E.D. Mich. 2020) (delay of almost two years); *In re Raza*, 617 B.R. 290 (Bankr. E.D. Mich. 2020) (delay of 11 and a half years); *In re Locklear*, 613 B.R. 108 (Bankr. E.D. Mich. 2020) (delay of nearly 12 months); *In re Jackson*, 613 B.R. 113 (Bankr. E.D. Mich. 2020) (delay of 13 months); *In re Szczepanski,* 596 B.R. 859 (Bankr. E.D. Mich. 2019) (delay of more than 15 months); *In re Lockhart*, 582 B.R. 1 (Bankr. E.D. Mich. 2018) (delay of more than 1 year);

*Barrett,* 569 B.R. at 688 (delay of more than 8 years); *In re Kessler*, 588 B.R. 191 (Bankr. E.D. Mich. 2018) (delay of 5 years); *In re Moore*, 591 B.R. 680 (Bankr. E.D. Mich. 2018) (delay of 10 months); *In re Garnett*, 579 B.R. 818, 823 (Bankr. E.D. Mich. 2018) (delay of more than 5 and one half years); *In re Rondeau*, 574 B.R. 824 (Bankr. E.D. Mich. 2017) (delay of more than 3 years); *In re Wilson*, 575 B.R. 783 (Bankr. E.D. Mich. 2017) (delay of almost 15 months); *In re Whitaker*, 574 B.R. 819 (Bankr. E.D. Mich 2017) (delay of 11 months); *In re Bragg*, 577 B.R. 265 (Bankr. E.D. Mich. 2017) (delay of almost 11 months).

The Court will apply this four-factor approach in this case, to both the Debtor's failure to file the Financial Management Course Certificate and the Debtor's failure to file the Certification Regarding Domestic Support Obligations. The Court finds that the Debtor has not shown either cause to reopen this case, or cause to grant the Debtor a retroactive extension of more than three years of the deadline to file these certificates.

*Factor 1: whether there is a reasonable explanation for the failure to comply*

The Motion does not demonstrate any valid excuse, (1) for the Debtor's failure to timely complete the financial management course and file the required Financial Management Course Certificate by the March 18, 2019 deadline, three years and five months ago; or (2) for the Debtor's failure to timely file the Certification Regarding Domestic Support Obligations by the June 12, 2019 deadline, three years and two months ago; or (3) for the Debtor's delay of almost three years after this case was closed before she moved to reopen it.

The Motion alleges that the reason for the Debtor's failures is "due to an increase in family obligations;" namely, that the Debtor was "working full time" while being "the primary caretaker of her elderly father who was sick at the time[.]" (Mot. at ¶ 3.) The Motion does not

9

state the Debtor was unaware that she was required to take a financial management course and timely file a Financial Management Course Certificate, or that she was unaware that she was required to file the Certification Regarding Domestic Support Obligations. Rather, the Motion simply indicates that the Debtor neglected to comply with these requirements. (*See id*.) ("[G]etting the necessary documents back to her counsel in a timely manner was not at the forefront of the Debtor's mind while caring for her father.")

The Debtor's claimed excuse is not an adequate or valid excuse. Many Debtors work full-time and take care of family members but still fulfill their duties under the Bankruptcy Code. "[A] debtor cannot 'expect[ ] to receive all of the benefits of a bankruptcy filing . . . without accepting what burdens the law imposes in order to receive a discharge.'" *In re Adamson*, 615 B.R. 303, 313 (Bankr. D. Colo. 2020) (citation omitted). And if the Debtor was having difficulty meeting the deadlines for filing the required certificates, the Debtor could have asked her attorney to file a motion to extend the deadlines before they expired. The Debtor cannot simply ignore an obligation that she and her attorney clearly were aware of.

Although not required to do so, the Clerk of this Court reminded the Debtor and her attorney of the requirement to file the Financial Management Course Certificate, and the deadline for doing so, in a notice filed on January 27, 2017 (Docket # 27.) That notice was served on the Debtor's attorney by e-mail by the Court's ECF system on January 27, 2017, and the Bankruptcy Noticing Center mailed the notice to the Debtor on January 29, 2017. The notice stated:

> **NOTICE OF REQUIREMENT TO FILE A CERTIFICATION ABOUT A FINANCIAL MANAGEMENT COURSE**
>
> Notice is hereby given that, subject to limited exceptions, a debtor

> must complete an instructional course in personal financial
> management in order to receive a discharge. Pursuant to Rule
> 1007(b)(7) of the Federal Rules of Bankruptcy Procedure, the
> debtor(s) must complete and file a **Certification About a
> Financial Management Course (Official Form 423)** as described
> in 11 U.S.C. § 111.
>
> Debtor(s) and/or debtor(s)' attorney is/are hereby notified that
> **Official Form 423** must be filed before a discharge can be entered.
> Debtor(s) and/or debtor(s)' attorney is/are hereby notified that in a
> chapter 13 case the debtor(s) must file **Official Form 423** no later
> than the date when the last payment was made by the debtor as
> required by the plan under § 1328(b) of the Code.
>
> **Failure to file the certification will result in the case being
> closed without an entry of discharge**. If the debtor(s)
> subsequently file(s) a Motion to Reopen the Case to allow for the
> filing of the **Official Form 423**, the debtor(s) must pay the full
> reopening fee due for filing the motion

(Docket # 28) (footnote omitted) (bold in original).

Even assuming that the Debtor forgot about the financial management course requirement before her case was closed, she cannot reasonably and credibly allege that she still forgot about this requirement after she received the Notice of the Final Decree in September 2019. That notice stated: "Debtor(s) has not filed a Financial Management Course Certificate proving compliance with the required instructional course requirement for discharge." (Docket # 93.) And in this case, the Debtor was represented by an attorney at all times, who also received this notice, by e-mail from the Court's ECF system, on September 11, 2019.

The Motion also does not explain why the Debtor waited almost three years after the case was closed to check on her bankruptcy case, to move to reopen the case, and to complete the financial management course and file her Financial Management Course Certificate, and to file the Certification Regarding Domestic Support Obligations. To date, the Debtor has failed to file

11

the Financial Management Course Certificate so it is unclear on what date the Debtor actually took the financial management course, but it appears from the Motion that the Debtor has just recently completed the financial management course requirement. (See Mot. at ¶¶ 3-4 (stating that "[t]he Debtor neglected to take the Debtor Education Course and sign the Certificate Regarding Domestic Support Obligation" but that the Debtor Completed the Debtor Education Course and the Debtor is prepared to sign the Certification Regarding Domestic Support Obligation upon the reopening of this case"). It appears that the Debtor failed to take the required financial management course until just recently, which is **more than three years after the deadline** to do so. As already stated, the Debtor and her attorney were informed, by the notice on September 13, 2019, that this case had been closed without a discharge. Yet the Debtor and her attorney did nothing to try to rectify this for almost 3 years afterwards. And the Motion alleges no valid excuse, for such an extremely long delay by the Debtor.

*Factor 2: whether the request was timely*

The delay here of more than three years in the Debtor's filing of the required certificates, and the Debtor's delay of almost three years in moving to reopen this case, are far too long. Such long delays frustrate the goals of the legislation which added the financial management course requirement as a condition for obtaining a Chapter 13 discharge. In *Chrisman*, a Chapter 7 case, the court stated the following, which applies as well to this Chapter 13 case:

> Congress added participation in a post-petition financial management instructional course as a condition to obtaining a Chapter 7 discharge to the Bankruptcy Code in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. 11 U.S.C. § 727(a)(11). One of the goals of the legislation and this requirement was to restore individual financial responsibility to the bankruptcy system.

. . . .

> "The main purpose of a bankruptcy filing is to obtain a discharge, and any action that delays that benefit is mystifying and therefore requires additional justification. Justification supports the goals of not only the bankruptcy system, but also the purpose of the financial management course. Allowing a debtor to take the financial management course years after its target completion provides no educational benefit to the debtor for the intervening years and denigrates its purpose. Moreover, it maligns the integrity of the system and its fairness to all parties....It is unfair to creditors to allow a debtor to avoid the responsibilities established by the bankruptcy code and rules, only to later want to fulfill those requirements when faced with a resulting unpleasantness."

*Chrisman*, 2016 WL 4447251, at *1, *2 (quoting *Heinbuch*, 2016 WL 1417913, at *2 ). In *Chrisman*, as in this case, "neither the instructional component nor the paperwork component were timely accomplished," and the court found that "[t]he Congressional purposes in adding the post-petition financial management instructional requirement to the Bankruptcy Code as a condition of discharge [had] been completely stymied." *Id*. at *3.

The magnitude of the Debtor's delay in this case is very significant, and this factor heavily weighs against granting the Motion.

### *Factor 3: whether fault lies with counsel*

The Debtor has been represented by counsel in this case at all times, but the Debtor did not allege in the Motion that the failure to timely complete the Financial Management Course and to file a Financial Management Course Certificate was in any way the fault of her counsel. Rather, the Debtor admitted that she did not timely return necessary paperwork to her counsel. The fault was entirely the fault of the Debtor. This factor weighs against granting the Motion.

### *Factor 4: whether creditors are prejudiced*

13

The Debtor argues that there is no prejudice to creditors due to the delay because the "Debtor paid 100% of all unsecured claims during the life of the plan." (Mot. at ¶ 6.) What this actually means, however, is that the unsecured creditors who timely filed proofs of claim (and thereby had allowed claims in this case), were paid 100% of their allowed claims, which did not include any post-petition interest. That is quite different from saying that all unsecured creditors were paid in full. And unsecured creditors will be prejudiced by the long delay in this case. In *Chrisman*, for example, the court reasoned, with regard to the prejudice factor, that "[t]o spring a discharge on creditors more than seven years later that many of them will now not even receive, at peril of violating the unknown discharge, is simply unfair." *Id.* at *3. The delay in this case is shorter than the delay in *Chrisman*, but it is still very long. Generally speaking, the longer the delay, the greater the prejudice. Here, there was a very long delay. This factor, therefore, also weighs against granting the Motion.

In summary, all of the relevant factors weigh against a finding of cause to reopen this case. The Debtor has failed to demonstrate cause to reopen this case. Accordingly,

IT IS ORDERED that:

1. The Motion (Docket # 96) is denied.

2. The Debtor is not prohibited from filing a new bankruptcy case.

**Signed on August 16, 2022**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**